## Bartholomew's Appeal.

1. In partition in the Orphans' Court at the return of the commissioners, all the heirs but two appeared; the land was offered to those appearing successively; one in open court offered $4 above the valuation, that being the highest bid; on a rule granted, those then absent afterwards appeared, and one offered $8 *above* the valuation; the heir who had offered $4 then offered $8.01, and the land was adjudged to her: *Held*, that to be error, it should have been adjudged to the heir offering $8.

2. In "all cases of partition in any court," a party having made one bid is not entitled to another.

3. The bid of a party should be made in writing.

4. It is irregular when part only of the heirs are present at the return of an inquest to offer the land to them; a rule should be granted on all to come in before offering to any.

5. Klohs v. Reifsnyder, 11 P. F. Smith 240, adopted.

March 19th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Appeal from the Orphans Court of *Northampton county:* No. 193, to January Term 1872.

In the estate of Philip Bartholomew, deceased.

The decedent died seised of two tracts of land, leaving to survive him eleven children, viz.: Aaron, Franklin, Gideon, Elias, Philip, John, Henry, Levina the wife of Reuben Crock, Lucy Ann, the wife of Daniel Kostenbader, Sarah the wife of Abraham Henry, and Susanna the wife of William Miller.

Commissioners appointed on the application of all the heirs in proceedings in partition, on the 5th of November 1871 reported that they had valued Lot No. 1 of the real estate at $58 per acre, and Lot No. 2 at $57 per acre; all the heirs except John and Sarah appeared. The heirs being called in their order, Aaron the oldest, offered to accept Lot No. 1 at the valuation; the intermediate heirs having refused, Gideon offered $2 per acre beyond the appraisement, the others refused, until Levina, who offered $4 per acre beyond the appraisement.

[Bartholomew's Appeal.]

The court granted a rule upon John and Sarah to appear on the 24th of November and accept or refuse Lot No. 1, and on all the heirs to accept or refuse Lot No. 2.

On the 24th of November all the heirs appeared, when John offered $8 per acre beyond the valuation for Lot No. 1; Levina Crock, who had before offered $4, now offered $8.01 per acre in advance of the valuation, and Sarah Henry refused. Lot No. 1 was thereupon adjudged to Levina at that bid; all the heirs refusing Lot No. 2, it was ordered to be sold.

John Bartholomew appealed to the Supreme Court, and assigned for error that the Orphans' Court did not adjudge Lot No. 1 to him at his bid.

*A. S. Knecht* and *E. J. Fox*, for appellants, cited Klohs *v.* Reifsnyder, 11 P. F. Smith 240.

*O. H. Myers*, for appellee.

The opinion of the court was delivered, May 13th 1872, by

Thompson, C. J.—There was some degree of irregularity in the proceedings in this case in awarding the purparts into which the lands of the decedent had been subdivided by the commissioners, that calls for notice as such, but which does not amount to reversible error. All of the heirs not being present at the time of making the report of partition by the commissioners, instead of offering the purparts, two in number, to those present, a rule should have been granted by the court upon all the heirs to come in on a day certain to refuse or accept the purparts at the appraisement. The court, however, allowed those present, in the order of seniority and sex, to make choice, and then granted a rule on those not present, to wit: John Bartholomew and Sarah Henry, to appear on a day appointed, to refuse or declare their acceptance of the purparts. All the heirs appeared in court on that day, when John Bartholomew offered to take purpart No. 1 at $8 per acre above the appraisement, whereupon Levina, wife of Reuben Crock, who had on the first day offered $4 per acre more than the appraisement, now offered one cent per acre above the offer of John Bartholomew and the court awarded the land to her. We think there was error here. Mrs. Crock had had her bid, and was not entitled to a second. This we held to be the rule in Klohs *v.* Reifsnyder, 11 P. F. Smith 240, under the Act of April 22d 1856, § 10, Purd. Dig. 774, pl. 28. That act in express terms applies to " all cases of partition of real estates *in any court* wherein a valuation shall have been made of the whole or parts thereof." Of course, partition in the Orphans' Court is embraced by the act, without interfering with the order of choice provided for in the 37th section of the Act of 29th March 1832.

[Bartholomew's Appeal.]

In Klohs v. Reifsnyder our brother Agnew has shown with striking clearness, the impropriety of bidding and overbidding in cases of partition, and that a party entitled to raise the value beyond the appraisement should do so by a proposition in writing. Mrs. Crock did not regard the real value in her first bid, for she went beyond it $4.01 cent. per acre in her second. She introduced into the proceedings just what we condemned in the case cited, namely, alternate bidding. An heir wishing any certain appraised purpart, ought to make up his or her mind and offer what he or she is willing to give for it above the appraisement, and not depend upon what others may be willing to do. By the rule established in Klohs v. Reifsnyder, this is the only mode by which such a wish may be gratified. As John Bartholomew was the highest bidder according to law, the Orphans' Court should have awarded purpart No. 1 to him.

The decree of the court below is therefore to this extent reversed, and the record is remitted, in order that a decree in accordance herewith shall be entered in the court below, the costs of this appeal to be paid by the appellee.